UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-60539-SMITH/VALLE

MONICA ALEJANDRA TREJO,

    Plaintiff,

v.

KILOLO KIJAKAZI,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b) (the "Motion") (ECF No. 26). United States District Judge Rodney Smith has referred the matter to the undersigned for appropriate disposition. *See* (ECF No. 2); *see also* 28 U.S.C. § 636(c). After due consideration of the Motion, and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED** for the reasons set forth below.

On August 19, 2021, the Court adopted the undersigned's Report and Recommendation, and reversed the ALJ's Decision denying Plaintiff's social security benefits, and remanded the case for further proceedings. *See* (ECF Nos. 21, 22). Following remand, Plaintiff sought, and this Court granted, $6,084.37 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (the "EAJA"). *See* (ECF Nos. 23, 24, 25). On remand, the Commissioner issued a Fully Favorable Decision, finding Plaintiff disabled since November 1, 2015, and issuing a Notice of Award. *See* (ECF Nos. 26 at 2, 26-2 at 7, 26-3 at 1). Thereafter, Plaintiff was awarded past-

due benefits totaling $74,160, of which $18,540 was withheld by the Commissioner for payment of attorney's fees.  (ECF Nos. 26 at 2).

Based on this award, Plaintiff's counsel now seeks $18,540 in attorney's fees under a contingent-fee agreement with Plaintiff, which represents 25% of Plaintiff's past-due benefits.[1]  *See id*; *see also* 42 U.S.C. § 406(b)(1)(A) (authorizing a reasonable fee award "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled").  The Motion also states that if the Court grants the requested fees, counsel for Plaintiff will refund the previously awarded EAJA fees directly to Plaintiff.[2]  *See* (ECF No. 26 at 2); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be under both [the EAJA and § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (alteration in original) (quotation omitted).  Defendant does not oppose the Motion.  (ECF No. 26 at 3).

After a careful review of the record, the case law on contingency fee arrangements in Social Security cases, counsel's hours, reputation, and experience, *see id.* at 2, and considering that the Motion is unopposed, the undersigned finds that Plaintiff's request for attorney's fees is reasonable and should be granted.  *See Gisbrecht*, 535 U.S. at 807-09 (holding that under § 406(b), courts must review proposed contingent-fee awards for reasonableness); *see also Guilliams v. Comm'r Soc. Sec. Admin.*, No. 16-CV-62762, ECF No. 31 (S.D. Fla. Oct. 14, 2021) (awarding counsel 25% of plaintiff's past-due benefits); *Sterling v. Astrue*, No. 09-CV-60337, 2010 WL 3658994, at *3 (S.D. Fla. Aug. 19, 2010), *report and recommendation adopted*, 2010 WL 3658943 (S.D. Fla.

---

[1] Plaintiff is represented by attorney Nora Staum.  Attorney Staum has been licensed to practice law in the State of Florida since 1994, specializing in social security disability law.  *See* (ECF No. 26 at 2); *see also* https://www.floridabar.org/directories/find-mbr/profile/?num=5614 (last visited Feb. 1, 2023).

[2] Plaintiff states that she was previously awarded $6,217 in attorney's fees under the EAJA.  *See* (ECF No. 26 at 2).  However, the Court previously awarded Plaintiff $6,084.37 in attorney's fees under the EAJA, not $6,217.  *See* (ECF No. 25 at 1).

Sept. 15, 2010) (recommending award of attorney fees, pursuant to 42 U.S.C. § 406(b), totaling 25% of plaintiff's back due benefits); *Justice v. Acting Comm'r of Soc. Sec. Admin.*, No. 17-CV-60633, 2020 WL 3035231, at *1 (S.D. Fla. June 5, 2020) (awarding $16,146 in attorney's fees under 42 U.S.C. § 406(b)).

## RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b) (ECF No. 26) be **GRANTED** as set forth below.

1. Plaintiff's counsel should be awarded $18,540 in attorney's fees, payable from the past-due benefits awarded to Plaintiff by the Commissioner; and

2. Within 30 days after receiving these fees, Plaintiff's counsel shall return directly to Plaintiff all attorney's fees previously awarded under the EAJA.

Within **seven days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on February 1, 2023.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
　　All Counsel of Record